| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | |
| --- | --- |
| CLIFFORD SIEBER and RONALD SIEBER, | |
| Plaintiffs, | 2007-CV-0058 |
| v. | |
| THEODORE S. BAKER, AS TRUSTEE OF THE MADELINE S. BAKER TRUST, and LINDA M. BAXTER, | |
| Defendants. | |

TO:   Scot F. McChain, Esq.
  Andrew C. Simpson, Esq.
  Richard H. Hunter, Esq.


### ORDER GRANTING DEFENDANTS' MOTIONS FOR SANCTIONS

THIS MATTER is before the Court upon Defendant Theodore Baker's Motion For Sanctions For Failure to Attend Depositions (Docket No. 38) and Motion fo Defendant Baxter For Sanctions (Docket No. 39).  Plaintiffs filed a joint opposition to both motions, and each Defendant filed a reply thereto.  A hearing was held on both motions December 7, 2007.  Scot F. McChain, Esq., represented Plaintiffs.  Andrew C. Simpson, Esq., appeared on behalf of Defendant Theodore S. Baker, as Trustee of the Madeline S. Baker Trust; and Richard H. Hunter, Esq., appeared on behalf of Defendant Linda M. Baxter.

*Sieber v. Baker*
2007-CV-0058
Order Granting Defendants' Motions For Sanctions
Page 2

Both Defendants claim that Plaintiffs agreed to be deposed on November 6, 2007, and counsel for Defendant Baxter issued the notices of deposition to Plaintiffs. Plaintiffs do not deny that they agreed to such date to be deposed, nor do they deny that they failed to appear as required. In addition, the record is void of any motion to quash or for protective order to prevent said depositions from going forward on the agreed upon date. Plaintiffs argue that they should not be sanctioned because a.) Defendant Baker did not issue any notices and b.) Defendant Baxter failed to comply with LRCi 37 procedure prior to filing her motion.

Having reviewed the submissions of the parties and heard the arguments of counsel, the Court finds that Plaintiffs failed to appear for properly noticed depositions and, therefore, that sanctions are warranted. With respect to Plaintiffs' argument that Defendant Baker is not entitled to an award of sanctions because he did not issue any deposition notices, the Court finds that the negotiations regarding the date of Plaintiffs' availability for their depositions was conducted by and involved counsel for both Defendants and that Plaintiffs knew that counsel for Defendant Baker would be participating in the oral examination. In view of such information and knowledge, a second notice of deposition would have been redundant. The Court finds that Defendant Baker is entitled to sanctions.

*Sieber v. Baker*
2007-CV-0058
Order Granting Defendants' Motions For Sanctions
Page 3

Although the Court normally does require adherence to LRCi 37 procedure, in the matter at bar, the motions already have been fully briefed and heard. Strict compliance with the rule, at this juncture, requiring the parties to return to square one and submit a joint stipulation, would be an extreme example of form over function as well as an extreme waste of time, energy, and judicial resources. Therefore, the Court will allow the motions to stand, as briefed and argued.

Based upon the foregoing, the Court will grant the motions and impose sanctions. Accordingly, it is now hereby **ORDERED**:

1. Defendant Theodore Baker's Motion For Sanctions For Failure to Attend Depositions (Docket No. 38) is **GRANTED**.

2. Motion of Defendant Baxter For Sanctions (Docket No. 39) is **GRANTED**.

3. All factual discovery is **CLOSED** as of November 30, 2007, except for the depositions of Plaintiffs and any additional discovery required by Defendants based upon information obtained during such depositions.

4. Defendants may re-notice the depositions of Plaintiffs for a date, time, and location acceptable to all parties. Such depositions shall be completed on or before **January 11, 2008**.

*Sieber v. Baker*
2007-CV-0058
Order Granting Defendants' Motions For Sanctions
Page 4

5.   Plaintiffs shall pay Defendants' costs and attorney's fees associated with the depositions and motions at issue upon the Court's approval of such amounts.

6.   Counsel for Defendants shall submit, within ten (10) days from the date of entry of this order, an affidavit or other certification detailing the costs and fees associated with the depositions and motions at issue.

ENTER:

Dated: December 7, 2007                    _____/s/_____
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE